UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC JONES, JR., <br><br> Petitioner, <br><br> v. <br><br> DON BARNES, <br><br> Respondent. | Case No. 22-cv-0640-BAS-BLM <br><br> **ORDER:** <br><br> **(1) DISMISSING CASE WITHOUT PREJUDICE; AND** <br><br> **(2) DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE (ECF No. 2)** |

Petitioner Isaac Jones, Jr. ("Petitioner") is a state inmate who is currently detained in an Orange County jail facility. On May 4, 2022, he filed a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 seeking to challenge his California state court conviction. (Pet., ECF No. 1.) He has also filed a request for judicial notice ("RJN"). (RJN., ECF No. 2.)

**I.    FAILURE TO SATISFY FILING FEE REQUIREMENT**

This Court cannot entertain a habeas corpus action unless a petitioner has either paid the requisite filing fee or qualified to proceed *in forma pauperis* ("IFP"). *See* Rule 3(a), 28

U.S.C. foll. § 2254.  Here, Petitioner has not paid the $5.00 filing fee and has not filed an application to proceed IFP.  Because this Court cannot proceed until Petitioner has done one or the other, the Petition is subject to dismissal without prejudice.  *Id.*

## II.  FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

Section 2254 provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he [or she] is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added).  *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464–65 (9th Cir. 1986).  Thus, to present a federal habeas corpus claim under § 2254, a state prisoner must allege both that he or she is in custody pursuant to a "judgment of a State court," and that such custody is in "violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2254(a).

Here, the Petition is devoid of any claimed federal violation attributable to Petitioner's conviction or sentence.  Petitioner identifies four incomprehensible bases for relief:  (1) that the trial court "conspire[ed] to commit a crime" against him; (2) that the trial court lacked jurisdiction over him; (3) that the "case-in-fiction" should be dismissed; and (4) that the federal government can "restore back to dejure [sic]" his status and "legally terminat[e]" his case under the Ninth and Tenth Amendments of the United States Constitution.  He does not set forth the factual bases of any of the ground upon which his Petition is premised.  Nor do any of these proffered grounds sound in alleged "violation[s] of the Constitution or laws or treatises of the United States."  Accordingly, for this reason, too, the Petition is subject to dismissal without prejudice.

## III.  FAILURE TO ALLEGE EXHAUSTION OF STATE REMEDIES

Additionally, Petitioner has not alleged exhaustion of state judicial remedies.  Habeas petitioners who wish to challenge either their state court conviction or the length

of their confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Ordinarily, to satisfy the exhaustion requirement, a petitioner "'must fairly present[]' his [or her] federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have ben violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (emphasis added). Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254.

Petitioner does not allege that he raised any of his four enumerated federal habeas claims in California Supreme Court. Instead, he generally states "Unknown" in response to the prompt on the Southern District of California amended § 2254 habeas petition form that asks whether his federal habeas claims had been presented to the California Supreme Court. (*See* Pet. at 6–9.) If Petitioner has raised his claims in the California Supreme Court, he must so specify.

Because it appears plain from the Petition that Petitioner is not presently entitled to federal habeas for failing to allege exhaustion of state court remedies, the Petition is subject to dismissal without prejudice.

//
//

## IV. VENUE

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which the petitioner was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973).

As mentioned above, Petitioner is currently confined in Orange County. However, it is unclear from the Petition in which judicial district he was convicted and sentenced. Petitioner indicates the case number of the judgment he is challenging is "19C[V] 0869," but alleges the name and location of the court in which that judgment was entered is "Superior Court of California County of Orange and San Diego." (Pet. at 1.) Orange County Superior Court and San Diego Superior Court are two separate courts which reside in different federal districts. San Diego County Superior Court is within the jurisdictional boundaries of the United States District Court for the Southern District of California. *See* 28 U.S.C. § 84(d). Orange County Superior Court is within the jurisdictional boundaries of the United States District Court for the Central District of California, Southern Division. *See* 28 U.S.C. § 84(c)(3).

To the extent Petitioner is attempting to challenge an Orange County Superior Court judgment, jurisdiction lies solely in the Central District of California, Southern Division, where Petitioner also is currently incarcerated. If Petitioner seeks to challenge a judgment entered in Orange County, the Southern Division of the Central District is the appropriate forum to do so. *See* 28 U.S.C. § 2241(d); *Braden*, 410 U.S. at 497; 28 U.S.C. §84(c)(3).

To the extent Petitioner is attempting to challenge a San Diego County Superior Court judgment in case number 19CV0869, jurisdiction lies in either the Southern or Central Districts. However, it appears Petitioner recently filed a § 2254 proceeding in this district challenging a conviction and sentence arising from the same case, of which this Court takes judicial notice. (*See* Compl, *Jones, Jr. v. Gore*, 22-cv-0622-JLS-BGS (S.D. Cal. May 2, 2022)); *see United States v. Wilson,* 631 F.2d 118, 119 (9th Cir. 1980) ("[A]

court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

## V.   REQUEST FOR JUDICIAL NOTICE

Petitioner also seeks judicial notice of the fact the Sheriff's Department will not fill out the prison certificate. (*See* RJN.) "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Petitioner's assertion that the Sheriff's Department will not fill out of the prison certificate is not a fact that either is "generally known" or that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b).

Accordingly, the Court **DENIES** Petitioner's request for judicial notice. (ECF No. 2.)

## VI.   CONCLUSION

The Petition is **DISMISSED** without prejudice for failure to satisfy the filing fee requirement, failure to state a cognizable federal claim, and failure to allege exhaustion of state judicial remedies. The Court further **DENIES** Petitioner's request for judicial notice. (ECF No. 2.)

With respect to venue, if Petitioner is attempting to proceed with a habeas action pursuant to § 2254 challenging a judgment entered in San Diego County Superior Court in case number 19CV0869, Petitioner already has a pending § 2254 proceeding in this district challenging that judgment. *See Jones, Jr. v. Gore*, 22-cv-622-JLS-BGS (S.D. Cal.). If Petitioner is instead attempting to challenge an Orange County Superior Court judgment, he must file in the Central District of California, Southern Division, rather than this judicial district. *See* Rule 2(e), 28 U.S.C. foll. § 2254 ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.").

//

The Clerk of Court is **ORDERED** to send Petitioner a blank Southern District of California amended § 2254 habeas petition form and IFP application along with a copy of this Order.

**IT IS SO ORDERED**

**DATED: July 28, 2022**

Hon. Cynthia Bashant
United States District Judge