# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ISAAC JONES, JR.,

                            Petitioner,

        v.

DON BARNES,

                            Respondent.

Case No. 22-cv-0640-BAS-BLM

**ORDER DISMISSING ACTION FOR FAILURE TO SHOW CAUSE**

On October 14, 2022, this Court ordered Plaintiff Isaac Jones, Jr. ("Plaintiff") to show cause why his habeas action should not be dismissed for failure to comply with this Court's Dismissal Order, which directed Plaintiff to file an amended petition (Dismissal Order, ECF No. 3). (Order to Show Cause ("OSC"), ECF No. 6.) This Court instructed Plaintiff he could show cause by filing such an amended petition by no later than December 9, 2022, and that failure to do so would result in dismissal of the action. (OSC at 3.) Petitioner still has not filed an amended petition.

Federal Rule of Civil Procedure ("Rule") 41(b) endows district courts with authority to dismiss a plaintiff's action for his failure to prosecute or failure to comply with a court order, including a court's directive to file an amended pleading. *See* Fed. R. Civ. P. 41(b); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)

22cv0640

(holding that a district court may dismiss an action for failure to comply with any order of the court); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (holding courts are vested with an inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").  Although due process generally requires that the party have notice and opportunity to be heard before dismissal, when a party may be said to have knowledge of the consequences of his failure to act, the court may dispense with the necessity of advance notice and a hearing.  *Link*, 370 U.S. at 630–32.

"Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260.  Therefore, to determine whether dismissal under its inherent authority is appropriate, "the district court must weigh five factors, including:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy of favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 1260–61 (internal quotations omitted).

Generally, these five factors weigh in favor of *sua sponte* dismissal where a plaintiff has failed to prosecute a case or comply with an order of the court. *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).  On balance, the above-mentioned factors weigh decisively in favor of dismissal.

The Public's Interest in Expeditious Resolution:  "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990 (9th Cir. 1999).   The lack of an operative pleading has precluded this matter's expeditious resolution.  Thus, the Court finds that this factor weighs in favor of dismissal.

The Court's Need to Manage its Docket:  A district court is best positioned to determine whether the delay in a particular case interferes with docket management. *Ash v. Cuetkov*, 739 F.3d 493, 496 (9th Cir. 1984).  This factor, too, weighs in favor of dismissal.  "[A] case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution of the merits." *In re*

*Phenylpropanolamine*, 460 F.3d 1217, 1228 (9th Cir. 2006).  Indeed, this case has not progressed toward any merits resolution and cannot do so because there is no operative pleading.  The Court has already waited 181 days since its Dismissal Order for Petitioner to file an amended pleading.  It cannot—and will not—await indefinitely Petitioner's response to the Court's directive to file an amended petition.

The Risk of Prejudice to the Defendant:  "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to defendant from the failure . . . .  The law presumes injury from unreasonable delay."  *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976); *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991).  This case has been pending for more than eight months and remains at an impasse because Petitioner failed to comply with a court-ordered deadline to file an amended petition, which passed nearly two months ago.  This delay is inherently prejudicial to Defendant.

Public Policy:  Public policy favors disposition of cases on the merits.  *Pagtalunan*, 291 F.3d at 643.  Dismissing this action would not impede that interest.  As noted in the Dismissal Order, the initial Petition mentioned two judgments:  one in San Diego County Superior Court and one in Orange County Superior Court.  It was unclear on the initial Petition's face which judgment Petitioner seeks to challenge by this habeas action.  To the extent Petitioner seeks to challenge the San Diego judgment, Petitioner already has a pending § 2254 proceeding in this district challenging that judgment.  *See Jones, Jr. v. Gore*, 22-cv-622-JLS-BGS (S.D. Cal. filed May 2, 2022).  To the extent Petitioner seeks to challenge the Orange County judgment, venue is not proper in this district and, therefore, the Court has no authority to dispose of such a habeas case on the merits.  Petitioner must instead file a habeas petition in the Central Division of California, Southern Division.  *See* Rule 2(e), 28 U.S.C. foll. § 2254 ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.").   Accordingly, dismissal of this instant action under Rule 41(b) does not

22cv0640

preclude disposition of Petitioner's habeas action on the merits; rather, it merely ensures the Petitioner's habeas action is before the proper tribunal.

<u>Availability of Less Drastic Alternatives</u>:  In assessing whether dismissal under Rule 41(b) is warranted, the Court considers whether alternatives less drastic than dismissal are feasible given the circumstances of the case.  *In re Eisen*, 31 F.3d at 1455.  "[A]district court's warning to a party that [his] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."  *Ferdik*, 963 F.2d at 1262.

When it issued its Order to Show Cause, this Court afforded Petitioner with a less drastic alternative to dismissal.  It did so by directing Petitioner to file an amended petition in order to avoid dismissal.  As mentioned above, that Order to Show Cause was met with silence.  After 181 days without an amended petition, this Court concludes that less drastic alternatives to dismissal are not available.

All five pertinent factors favor dismissal.  Accordingly, the Court exercises its inherent authority to dismiss this action without prejudice.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (holding Rule 41(b) allows the court to dismiss a claim for failure to follow any court order, including failure to file an amended complaint within the period designated by the court).  The Clerk of Court is directed to close this case.

**IT IS SO ORDERED**

**DATED: January 25, 2023**

Hon. Cynthia Bashant
United States District Judge

22cv0640